IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRANCE J. KELLY,**

  **Plaintiff,**

  v.              **CASE NO. 23-3142-JWL**

**DAN SCHNURR, et al.,**

  **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Terrance J. Kelly is hereby required to show good cause, in writing, to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff is a state prisoner at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. The plaintiff proceeds *pro se* and has paid the filing fee.

Plaintiff alleges in the Complaint (Doc. 1) that, over the course of 29 years, he has been repeatedly placed "in supermax under fraudulent, unsubstantiated and false reports written by staff containing libelous information and resulting in slanderous remarks." Doc. 1, at 2. He describes it as a "repetitive and vicious cycle." *Id*. Plaintiff alleges that each time, he files grievances and is eventually released until the next time. He states that he is not currently in administrative segregation or on supermax status. Doc. 1-1, at 4. Plaintiff asserts claims for violation of his due process rights under the Fourteenth Amendment, violation of his Eighth Amendment right to be

1

free from cruel and unusual punishment, and violation of his right to equal protection under the Fifth Amendment.

Plaintiff names the following defendants: Dan Schnurr, Warden of HCF; Fred Early, Deputy Warden of El Dorado Correctional Facility ("EDCF"); John Cannon, Special Agent, Enforcement, Apprehensions and Investigations, EDCF; Brett Sissell, Special Agent, Enforcement, Apprehensions and Investigations, EDCF; Jarris Perkins, Warden Designee, EDCF; Dustin Randolph, Unit Team Manager, EDCF; Andrew Fuoss, Unit Team, EDCF; Elizabeth Allen, Special Agent, Enforcement, Apprehensions and Investigations, HCF; Devin Carpenter, Special Agent, Enforcement, Apprehensions and Investigations, HCF; Misty Kroeker, Deputy Warden, HCF; and Allyson Agnew, Classification Supervisor, HCF. He seeks relief in the form of compensatory damages of over $4 million and punitive damages, as well as declaratory and injunctive relief. Doc. 1-1, at 9-10.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons. The Court notes that Plaintiff attached 138 pages of material to the Complaint. Some of the material appears to be filings made in state court, and it is not clear which, if any, of the attachments are intended to be further descriptions or explanations of Plaintiff's claims in this case.

### A. Statute of Limitations

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that most of Plaintiff's allegations occurred outside the applicable two-year statute of limitations. Plaintiff makes the general statement that his allegations span 29 years, and most of the attachments to his Complaint relate to a 2019 placement in segregation. Plaintiff filed his Complaint in this Court on June 9, 2023. It thus appears that some portion of Plaintiff's claims took place more than two years prior to the filing of the Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

### B. Due Process

Plaintiff asserts that his due process rights were violated by his placement in administrative segregation. The Due Process Clause protects against "deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the

5

Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Id.* (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution); *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)).

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221–22 (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d

6

367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)).  Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life.  *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.  *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007)).  Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility.  *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).  Any claim Plaintiff asserts regarding his security classification is subject to dismissal for failure to state a claim.

### C.  Eighth Amendment

Plaintiff alleges that his placement and confinement in administrative segregation violates the Eighth Amendment to the United States Constitution.  The Eighth Amendment prohibits the infliction of "cruel and unusual" punishment.  *See* U.S. Const. amend. VIII.  The Supreme Court has rejected arguments that segregation or solitary confinement are cruel and unusual punishment, generally, finding that "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."  *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).  "To the extent that such conditions are restrictive and even harsh," but not cruel and unusual, "they are part of the penalty that criminal

offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt,* 459 U.S. at 468. *See also Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996).

However, specific conditions of a prison's administrative segregation unit may violate the Eighth Amendment. To be considered cruel and unusual, the conditions of confinement must: 1) be grossly disproportionate to the severity of the crime warranting punishment; 2) involve the wanton and unnecessary infliction of pain; or 3) deprive an inmate of the minimal civilized measure of life's necessities. *See Rhodes,* 452 U.S. at 346–47. "Alternatively, a condition must be sufficiently serious so as [to] constitute a substantial risk of serious harm." *Shannon v. Graves,* 257 F.3d 1164, 1168 (10th Cir. 2001) (citing *Helling v. McKinney,* 509 U.S. 25, 33–35 (1993)).

In addition to the objective component, an inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove a subjective component associated with the deficiency claimed. *Shannon,* 257 F.3d at 1168. "The subjective component requires that a . . . prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). The subjective component is met if the prisoner shows the defendants "knew he faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)). "[T]he Eighth Amendment requires only 'reasonable safety,'" so that "prison officials who 'actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm

8

ultimately was not averted.'" *Howard v. Waide,* 534 F.3d 1227, 1239 (10th Cir. 2008) (quoting *Farmer,* 511 U.S. at 844–45).

Courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta,* 539 U.S. 126, 132 (2003). Prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). However, "[o]nly when a prison administrator's actions are taken in bad faith and for no legitimate purpose are they not insulated from our review." *Silverstein v. Fed. Bureau of Prisons*, 559 F. App'x 739, 754–55 (10th Cir. 2014), citing *see Whitley v. Albers,* 475 U.S. 312, 322 (1986).

Plaintiff does not describe in the Complaint the conditions he has endured in administrative segregation. Starting from the position that "restrictive and even harsh" conditions are not unconstitutional, *see Rhodes*, Plaintiff has the burden of alleging conditions sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities or subject him to a substantial risk of serious harm. Plaintiff has not met this burden. Nor has he made more than conclusory allegations that any defendant's actions were taken in bad faith and for no legitimate purpose. Therefore, Plaintiff's Eighth Amendment claim is subject to dismissal.

**D. Equal Protection**

"Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Grace United Methodist Church v. City of Cheyenne,* 427 F.3d 775, 792 (10th Cir. 2005) (quotations omitted); *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006). Plaintiff does

not explain how he believes his right to equal protection was violated, so the Court will consider two possibilities. If Plaintiff is claiming that he was treated differently than inmates in the general population, to succeed he would have to demonstrate that he was "similarly situated" to those general population inmates, and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle*, 435 F.3d at 1261, quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987). This claim must fail because Plaintiff is, by definition, was not similarly situated to inmates in the general population because he was in administrative segregation. *Id*.

If Plaintiff is claiming he was treated differently than other inmates in administrative segregation, Plaintiff could meet the "similarly situated" requirement. However, he includes no allegations of unequal treatment among such similarly situated inmates. Furthermore, there is a presumption in favor of validity of prison officials' disparate treatment. *Hill v. Pugh*, 75 Fed. Appx. 715, 720 (10th Cir. 2003).

Plaintiff's equal protection claim fails because he does not allege facts establishing the essential elements. *See Rider v. Werholtz,* 548 F. Supp. 2d 1188 (D. Kan. 2008) (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1207 (10th Cir. 1996)). He fails to allege any facts suggesting that he was treated differently from other similarly-situated inmates because he is a member of a suspect classification, or that defendants' acts did not serve a legitimate penological purpose. *See Fogle,* 435 F.3d at 1261; *Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998). Plaintiff has failed to state a claim for violation of his equal protection rights.

### E.  Personal Participation of Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006);

*Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

All of the defendants are subject to dismissal because Plaintiff fails to allege facts in the Complaint showing the personal participation of each defendant in the alleged constitutional violations. Plaintiff's Complaint does not mention any defendants in the description of each alleged violation, making it "impossible for any of these individuals" as well as the Court, "to

ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). The Supreme Court has criticized complaints that "mentioned no specific time, place, or person involved" in the alleged violations. *Twombly*, 550 U.S. at 565, n.10. Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See id*.

The Court concludes that Plaintiff fails to state a claim in his Complaint because he does not support each claim by naming an individual defendant or defendants as directly involved in each scenario and describing the acts or inactions of that person which allegedly violated his constitutional rights.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3142-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each

defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The amended complaint should concisely (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 1, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **September 1, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 1, 2023, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**