IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRANCE J. KELLY,**

    **Plaintiff,**

    v.                                                         **CASE NO. 23-3142-JWL**

**DAN SCHNURR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 4) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 9) and his Motion for Evidentiary Hearing (Doc. 10).

In the Complaint, Plaintiff alleges that, over the course of 29 years, he has been repeatedly placed "in supermax under fraudulent, unsubstantiated and false reports written by staff containing libelous information and resulting in slanderous remarks." (Doc. 1, at 2.) He describes it as a "repetitive and vicious cycle." *Id.* Plaintiff alleges that each time, he files grievances and is eventually released until the next time. He states that he is not currently in administrative segregation or on supermax status. (Doc. 1-1, at 4.) Plaintiff asserts claims for violation of his due process rights under the Fourteenth Amendment, violation of his Eighth Amendment right to be free from cruel and unusual punishment, and violation of his right to equal protection under the Fifth Amendment.

1

The MOSC found that at least some portion of Plaintiff's claims took place more than two years prior to the filing of the Complaint and are time-barred. In addition, the MOSC found that Plaintiff failed to state a claim for denial of his due process rights in connection with his security classification. Further, the MOSC found that Plaintiff's Eighth Amendment claim is subject to dismissal because Plaintiff had not met his burden of alleging conditions sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities or subject him to a substantial risk of serious harm, nor had he made more than conclusory allegations that any defendant's actions were taken in bad faith and for no legitimate purpose. The MOSC also found that Plaintiff's equal protection claim failed because he did not allege facts suggesting that he was treated differently from other similarly situated inmates because he is a member of a suspect classification, or that defendants' acts did not serve a legitimate penological purpose. *See Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006); *Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998). Last, the MOSC found that Plaintiff had failed to allege the personal participation of each named defendant in the alleged violations of his constitutional rights.

In response to the MOSC, Plaintiff makes a number of arguments. He clarifies when events occurred and argues that his Complaint was timely filed. Plaintiff states, "The entirety of Movant[']s argument pertains to him being placed in admin. seg. on June 24, 2019 and kept without reason or information, and thus was denied due process of law and equal protection; this by never being found guilty of any DR and no DR ever being written to substantiate his status and was only released after filing his grievance on August 13, 2019. And then, out of retaliation, EDCF EAI agents Cannon and Sissell fabricated DRs on June 4, 2020 and March 4, 2021." (Doc. 9, at 9.) He goes on to state that his initial filing related to these allegations was a state habeas action

2

under K.S.A. § 60-1501 on November 4, 2019, and "all . . . ensuing filings are congruent with the time limit(s) set forth in K.S.A. § 60-513(a)." *Id.*

Plaintiff seems to be arguing that the filing of his state habeas petition within the two-year statute of limitations means that his Complaint here was timely. This is not correct. A habeas corpus action and a civil rights complaint are two separate causes of action involving different deadlines and exhaustion requirements. Plaintiff mentions exhaustion of PLRA remedies, but exhaustion for PLRA purposes involves administrative remedies, not the exhaustion of state court remedies, which is required for federal habeas purposes and which tolls the habeas statute of limitations.

Plaintiff further argues that the continuing wrong doctrine applies because "[t]o date, the wrong has not stopped . . .." *Id.* The continuing wrong or continuing tort doctrine deals with the accrual of an action for purposes of the statute of limitations. *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) ("Under the continuing wrong doctrine . . . 'where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury.'"). The doctrine is not available where the plaintiff's injury is "definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Id.* at 1431. The continuing wrong doctrine operates to extend the statute of limitations where there is a continuous series of unlawful acts. *Parkhurst v. Lambert*, 264 F. App'x 748, 749 (10th Cir. 2008). It does not apply where there is a single constitutional violation with continuing effects. *Id.*

The Tenth Circuit has not determined whether the continuing violation doctrine can apply to § 1983 claims, but assuming for the sake of argument that it can, it would not help Plaintiff here. Plaintiff complains of placement in administrative segregation in June of 2019. He states that he was released in August of 2019. He then mentions alleged fabricated disciplinary reports in 2020

3

and on March 4, 2021. All of these events occurred outside the limitation period. Plaintiff's claims are barred by the statute of limitations.

Plaintiff responds to the MOSC's equal protection discussion by arguing that he *was* similarly situated to the general population inmates until he was placed in administrative segregation without reason and without disciplinary reports. He fails to allege any *facts* suggesting that he was treated differently from other similarly situated inmates because he is a member of a suspect classification. *See Fogle*, 435 F.3d at 1260; *Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998).

As to his due process claim, Plaintiff asserts that he was assessed a new "gang-point" validation in 2021 without any evidence or proper investigation. This added six points to his classification status. (Doc. 9, at 6.)

"A due process claim under the Fourteenth Amendment can only be maintained where the government has interfered with a constitutionally cognizable liberty or property interest." *Sparks v. Foster*, 241 F. App'x 467, 471 (10th Cir. 2007) (citing *see Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569 (1972)). Changing a prisoner's classification generally does not deprive him of liberty under the due process clause alone. *Id*. However, State laws and prison regulations can create a liberty interest to which due process protections apply. *Id*. (citing *Meachum v. Fano,* 427 U.S. 215, 226, 229 (1976)). In Kansas, courts have routinely found that "Kansas law does not create a liberty interest regarding a prison inmate's security classification." *Lile v. Simmons*, 929 P.2d 171, 173 (Kan. App. 1996). Because Plaintiff "does not have a liberty interest in a particular classification, be it a gang member or within an STG, he cannot maintain an action based on the classification under the Fourteenth Amendment." *Sparks*, 241 F. App'x at 471.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

Plaintiff has also filed a Motion for Evidentiary Hearing (Doc. 10). He states that he has complied with the procedures set forth in *United States v. Jenks*, 2022 WL 1252366 (10th Cir. Apr. 28, 2022), and therefore, he must be given a full evidentiary hearing.

The case cited by Plaintiff involves a habeas action brought under 28 U.S.C. § 2255, not a civil rights claim, making the discussion of when a district court should hold an evidentiary hearing inapplicable in the context of Plaintiff's claims. Further, the Court has found that Plaintiff's Complaint is subject to dismissal. Therefore, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing (Doc. 10) is **denied**.

**IT IS SO ORDERED.**

**DATED: This 18th day of January, 2024, at Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
