IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRANCE J. KELLY,

      Plaintiff,

      v.                                          CASE NO.  23-3142-JWL

DAN SCHNURR, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  On January 18, 2024, the Court entered a Memorandum and Order (Doc. 12) dismissing this matter for failure to state a claim.  Plaintiff then filed a Motion to Alter or Amend Judgment (Doc. 14), which was denied (*see* Doc. 15).  This matter is before the Court on Plaintiff's Motion for Recusal (Doc. 16), filed on the same date that Plaintiff filed a Notice of Appeal (Doc. 17).

In his motion, Plaintiff states that he questioned the Court's impartiality in his Motion to Alter or Amend Judgment (Doc. 14), and the Court "disregarded his duty to recuse himself." (Doc. 16, at 1.)  In that motion, Plaintiff stated that he "did in fact state a claim upon which relief may be granted and the judge out of bias did not grant Mr. Kelly's claim." (Doc. 14, at 1.)  He further stated that "the Judge has shown bias by not granting Mr. Kelly his requested relief."  *Id.*

Because this case is closed and is now before the Tenth Circuit, Plaintiff's motion is denied.  However, even if this case was still before the Court, the motion would be subject to denial.  There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.  *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).  For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice.  *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "facts

of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*.  Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) and (b)(1).  Section (b)(1) is subjective and contains the "extrajudicial source" limitation.  *See Liteky v. United States*, 510 U.S. 540 (1994).  Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).  Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective.  *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548).  The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.  A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'"  *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th

Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source

is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Plaintiff's only stated basis for his motion is that the Court ruled against him in this case. The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's assertion that the undersigned should have recused himself is rejected.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Recusal (Doc. 16) is **denied**.

**IT IS SO ORDERED**.

**Dated February 13, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**